Lucy F. Kweskin  
Matthew A. Skrzynski  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, New York 10036  
Telephone: (212) 969-3000  
Facsimile: (212) 969-2900  

Jeff J. Marwil (*pro hac vice* pending)  
Brooke H. Blackwell (*pro hac vice* pending)  
**PROSKAUER ROSE LLP**  
70 West Madison, Suite 3800  
Chicago, IL 60602  
Telephone: (312) 962-3550  
Facsimile: (312) 962-3551  

Peter J. Young (*pro hac vice* pending)  
**PROSKAUER ROSE LLP**  
2029 Century Park East, Suite 2400  
Los Angeles, CA 90067-3010  
Telephone: (310) 557-2900  
Facsimile: (310) 557-2193  

*Proposed Attorneys for Debtors*  
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**Century 21 Department Stores LLC,**<br><br>Debtor.<br><br>Fed. Tax Id. No. 13-4144073 | Chapter 11<br><br>Case No. 20-12097 (SCC) |
| In re<br><br>**L.I. 2000, Inc.,**<br><br>Debtor.<br><br>Fed. Tax Id. No. 13-3969619 | Chapter 11<br><br>Case No. 20-12098 (SCC) |
| In re<br><br>**C21 Department Stores Holdings LLC,**<br><br>Debtor.<br><br>Fed. Tax Id. No. 81-4618952 | Chapter 11<br><br>Case No. 20-12099 (SCC) |

| | |
|---|---|
| **In re**<br><br>**Giftco 21 LLC,**<br><br>          **Debtor.**<br><br>**Fed. Tax Id. No. 20-0600347** | **Chapter 11**<br><br>**Case No. 20-12100 (SCC)** |
| **In re**<br><br>**Century 21 Fulton LLC,**<br><br>          **Debtor.**<br><br>**Fed. Tax Id. No. 82-3824536** | **Chapter 11**<br><br>**Case No. 20-12101 (SCC)** |
| **In re**<br><br>**C21 Philadelphia LLC,**<br><br>          **Debtor.**<br><br>**Fed. Tax Id. No. 46-5542106** | **Chapter 11**<br><br>**Case No. 20-12102 (SCC)** |
| **In re**<br><br>**Century 21 Department Stores of New Jersey L.L.C.,**<br><br>          **Debtor.**<br><br>**Fed. Tax Id. No. 13-4181705** | **Chapter 11**<br><br>**Case No. 20-12103 (SCC)** |
| **In re**<br><br>**Century 21 Gardens Of Jersey, LLC,**<br><br>          **Debtor.**<br><br>**Fed. Tax Id. No. 46-1459882** | **Chapter 11**<br><br>**Case No. 20-12104 (SCC)** |

| | |
|---|---|
| **In re**<br>**C21 Sawgrass Blue, LLC,**<br>　　　　Debtor.<br>Fed. Tax Id. No. 81-2768286 | Chapter 11<br><br>Case No. 20-12105 (SCC) |
| **In re**<br>**C21 GA Blue LLC,**<br>　　　　Debtor.<br>Fed. Tax Id. No. 47-3155776 | Chapter 11<br><br>Case No. 20-12106 (SCC) |
| **In re**<br>**Century Paramus Realty LLC,**<br>　　　　Debtor.<br>Fed. Tax Id. No. 20-2855033 | Chapter 11<br><br>Case No. 20-12107 (SCC) |

**MOTION OF DEBTORS FOR ENTRY OF ORDER<br>DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

　　　　Century 21 Department Stores LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

　　　　1.　　On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

3

2. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Norman R. Veit Jr. Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York*, sworn to on the date hereof (the "**Veit Declaration**"),[1] and the *Debtors' Memorandum in Support of Chapter 11 Filings*, each filed with the Court contemporaneously herewith and incorporated by reference herein.

### Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Debtors confirm their consent, pursuant to Rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

### Relief Requested

5. By this Motion, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, the Debtors request entry of an order directing joint administration of these chapter 11 cases for procedural purposes only.

6. In addition, the Debtors respectfully request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Century

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Veit Declaration.

4

21 Department Stores LLC and that these chapter 11 cases be jointly administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **CENTURY 21 DEPARTMENT STORES LLC,** *et al.*, | **Case No. 20-12097 (SCC)** |
| **Debtors.** | **(Jointly Administered)** |

7.    The Debtors further request the Court's direction that a notation substantially similar to the following language be entered on the docket maintained by the Clerk of the Court to reflect the joint administration of the Debtors' chapter 11 cases:

> An Order has been entered in accordance with rule 1015(b) of the Bankruptcy Rules directing the procedural consolidation and joint administration of the chapter 11 cases of Century 21 Department Stores LLC.; L.I. 2000, Inc.; C21 Department Stores Holdings LLC; Giftco 21 LLC; Century 21 Fulton LLC; C21 Philadelphia LLC; Century 21 Department Stores of New Jersey LLC; Century 21 Gardens Of Jersey, LLC; C21 Sawgrass Blue, LLC; and C21 GA Blue LLC. The docket in Case No. 20-12097 (SCC) should be consulted for all matters affecting the case.

8.    Finally, the Debtors seek authority to file the monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Executive Office of the U.S. Trustee – Region 2 (revised December 27, 2019), on a consolidated basis.

9.    A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should Be Granted**

10. On the date hereof, the Debtors commenced the above-captioned chapter 11 cases by filing the appropriate petitions with this Court. As set forth in the Veit Declaration, there are eleven (11) Debtors and approximately 14,000 potential creditors and other parties in interest in these chapter 11 cases. Joint administration will allow for the efficient and convenient administration of the Debtors' interrelated chapter 11 cases, will yield significant cost savings, and will not prejudice the substantive rights of any party in interest.

11. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). As set forth in the Veit Declaration, the Debtors in these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

12. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *Hermitage Offshore Services Ltd.*, No. 20-11850 (MG) (Bankr. S.D.N.Y. Aug., 14, 2020); *NTS W. USA Corp., a Delaware corporation d/b/a Desigual*, Case No. 20-35769 (CGM) (Bankr. S.D.N.Y. July 28, 2020); *Lakeland Tours, LLC d/b/a WorldStrides*, Case No. 20-11647 (JLG) (Bankr. S.D.N.Y. July 22, 2020); *Seabras 1 USA, LLC, et al.*, Case No. 19-14006 (SMB) (Bankr. S.D.N.Y. Dec. 26, 2019); *Agera Energy LLC, et al.*, Case No. 19-23802 (RDD) (Bankr. S.D.N.Y. Oct. 8, 2019).

13. As set forth in the Veit Declaration, the Debtors operate as an integrated business with common ownership and control. The Debtors also share a number of financial and operational systems. As a result, many of the motions, hearings, and orders that will arise in these

6

cases will affect each and every Debtor. Joint administration of these chapter 11 cases, therefore, will reduce fees and costs by avoiding duplicative filings, objections, notices, and hearings. Joint administration also will allow the United States Trustee and all other parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion only requests administrative—and not substantive—consolidation of the Debtors' estates. For example, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors will not be affected, and the Debtors will maintain separate records of assets and liabilities.

## Notice

15. Notice of this Motion has been provided to (i) the United States Trustee for Region 2; (ii) the holders of the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (iii) the United States Attorney's Office for the Southern District of New York; (iv) counsel to the Prepetition Agent, Julia Frost-Davies (julia.frost-davies@morganlewis.com) and David Riley (david.riley@morganlewis.com); and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

[*Remainder of page intentionally left blank*]

7

## CONCLUSION

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 10, 2020
New York, New York

Respectfully submitted,

/s/ *Lucy F. Kweskin*

Lucy F. Kweskin
Matthew A. Skrzynski
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: lkweskin@proskauer.com
Email: mskrzynski@proskauer.com

-and-

Jeff J. Marwil (*pro hac vice* pending)
Brooke H. Blackwell (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email: jmarwil@proskauer.com
Email: bblackwell@proskauer.com

-and-

Peter J. Young (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 577-2193
Email: pyoung@proskauer.com

*Proposed Attorneys for Debtors
and Debtors in Possession*